## WILLIAMS v. WILLIAMS.
### No. 66607.

District Court of the United States for the District of Columbia.

June 11, 1940.

Ernest C. Dickson, of Washington, D. C., for plaintiff.

Emory B. Smith, of Washington, D. C., for defendant.

MORRIS, Justice.

The plaintiff instituted these proceedings to secure an allowance for separate maintenance and support. The defendant filed an answer and cross bill, in which he seeks the dismissal of the complaint and a decree annulling the marriage between the parties. A hearing was had, at which both parties introduced considerable evidence. Certain facts, not in dispute, are that the parties entered into a ceremonial marriage in the State of Pennsylvania on the 18th day of June, 1918, and lived together as husband and wife in the District of Columbia from shortly after that time until March 5, 1938. It further appears, by a certificate of marriage, that the plaintiff, Mamie Williams, had been married to one Emmett Mitchell in the City of Alexandria, State of Virginia, on the 20th day of November, 1907, and the defendant alleges that such marriage was not dissolved either by death or divorce at the time of the ceremonial

marriage of the parties hereto on June 18, 1918. The plaintiff admits her marriage with Emmett Mitchell, saying that he left her a few months after their marriage, and that she has not seen nor heard from him since that time; that she did, however, receive information, which she believed to be true, that he had been killed in an accident in Baltimore, Maryland, some few years after their separation and prior to her marriage with the defendant. There was no evidence to support her information as to Emmett Mitchell's death. The defendant produced a witness, one James Mitchell, claiming him to be the Emmett Mitchell who had formerly married the plaintiff. Testimony was produced to prove such identity by a comparison of the handwriting of such witness with the handwriting of Emmett Mitchell. The handwriting experts differed in their testimony on this question of identity, and, in the light of the positive testimony of James Mitchell and the plaintiff, Mamie Mitchell, that they had never known each other, and that they had never married each other, I am convinced that James Mitchell and Emmett Mitchell are not one and the same person.

I am satisfied that the parties to this suit intended to enter into matrimonial relations as evidenced by their ceremonial marriage and their continued cohabitation as husband and wife over a period of more than nineteen years. There was no meretricious intent or conduct on the part of either. The plaintiff had every right, in the circumstances, to assume that her former husband, from whom she had not heard in more than ten years, was not living at the time of her marriage with the defendant. There is certainly no basis for any presumption that Emmett Mitchell continued alive during the whole period in which the parties hereto lived together as husband and wife. I am further convinced that the defendant did constructively leave and desert the plaintiff and that this action on his part was not due to the discovery by him that the plaintiff had been formerly married and his belief that her former husband was living at the time of her marriage with the defendant.

In these circumstances, even if the ceremonial marriage of the parties herein should be void because of a living spouse of one of the parties at that time, I am of the opinion that the application of the principles which justify a common-law marriage, which is recognized in this jurisdiction, would compel the conclusion that the parties hereto did become husband and wife upon the death of such former spouse during the time the parties hereto were living in this jurisdiction as husband and wife. It is certainly not to be presumed that the former husband, not heard from in thirty years, continued to be an impediment to such union, and, if an impediment to a lawful union be removed, and that union continues, the salutary principles announced by our Court of Appeals in Thomas v. Murphy, 71 App. D.C. 69, 107 F.2d 268, 269, decided October 9, 1939, should apply. There Mr. Justice Edgerton, speaking for the Court, said: "Cases where, as here, one or both of the parties knew of the impediment, have sometimes been treated as exceptions to the general rule that the mere removal of the impediment, with continued cohabitation, results in a common-law marriage; on the theory that the original intent was meretricious, and evidence of a changed intent is therefore necessary. But the general rule, which finds a common-law marriage upon the removal of the impediment, has sometimes been applied though one or both of the parties knew of the impediment. Since marriage is preferable to concubinage, this result seems socially sound. It is also logical." A contrary view would seem to put formality and conjecture above the reality of more than nineteen years of married life. I am persuaded that, if Tendler v. Tendler, 56 App.D.C. 296, 12 F.2d 831, indicates the contrary, that case has been in that respect, by the case of Thomas v. Murphy, supra, substantially modified sub silentio.

I find that the equities are not with the defendant and cross-complainant; hence the cross bill must be dismissed. The plaintiff is entitled to an allowance for separate maintenance, and a final decree will be entered accordingly.