614

## PARRELLA v. PARRELLA.
### No. 67690.

District Court of the United States for the District of Columbia.

June 11, 1940.

Joseph A. Nacrelli, of Washington, D. C., for plaintiff.

Albert A. Stern, of Washington, D. C., for defendant.

MORRIS, Justice.

This is a proceeding for the annulment of marriage. The parties entered into a ceremonial marriage in the City of Alexandria, State of Virginia, on the 12th day of December, 1931, and resided from that time in the District of Columbia as husband and wife until their separation on the 11th day of August, 1937. It is alleged that the defendant and one Thomas Scandone had previously been married, and that, although the said Thomas Scandone left the defendant without cause in the year 1924, the said Thomas Scandone remained alive until the 26th day of February, 1932, at which time he died at Bayonne, New Jersey. The plaintiff further alleges that he had no knowledge of the prior marriage of the defendant until the time of their separation.

At the hearing of this cause, the evidence showed that the defendant and Thomas Scandone did live together as husband and wife prior to 1924, but that the defendant did not know there was an impediment to her marriage with the plaintiff at the time they entered into that relationship; the lapse of time and the circumstances were such as to justify the belief that he was dead. There is no evidence to show that the plaintiff had knowledge of any impediment to his marriage with the defendant until their separation, but the evidence is strong and convincing that domestic infelicity, and not the knowledge of a living spouse at the time of their marriage, caused the husband to leave and desert the defendant.

Even though the ceremonial marriage was not valid, because the defendant at that time had a living spouse, there is no doubt that the intent of the parties was matrimonial, and not meretricious. The parties lived together as husband and wife in the District of Columbia, in which jurisdiction common-law marriage is recognized. Even though there was an impediment to a valid marriage at the time of the ceremony, it would be thwarting the true objective of that legal policy to hold that, when such impediment was removed by death, and the parties continued to live together, their relation as husband and wife cannot be recognized. As stated in a memorandum opinion this date rendered in the case of Williams v. Williams, D.C., 33 F.Supp. 612, I am of the opinion that the Court of Appeals for the District of Columbia has given sanction to this principle in the case of Thomas v. Murphy, 71 App.D.C. 69, 107 F.2d 268, decided October 9, 1939, and that in so far as the case of Tendler v. Tendler, 56 App.D.C. 296, 12 F.2d 831, indicates the contrary, it has been modified. It would be futile to annul the ceremonial marriage in this case when the plaintiff is obligated under his common-law marriage to the defendant.

A decree will be entered denying the prayers of the complaint and fixing an amount to be paid by the plaintiff to the defendant for her maintenance in accordance with the prayer in her answer.